## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARGARET WILLIAMS,**
**Claimant Below, Petitioner**

**FILED**
November 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0028** (BOR Appeal No. 2046195)
                    (Claim No. 2008042996)

**SIMONTON BUILDING PRODUCTS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Margaret Williams, by Robert Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Simonton Building Products, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 16, 2011, in which the Board affirmed a July 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 25, 2010, Order denying the Ms. Williams's request to add depression as a compensable component in Ms. Williams's claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Williams was employed by Simonton Building Products, Inc. when she sustained a compensable injury to her shoulder on May 1, 2008, while handling window sashes. On March 30, 2010, Dr. Miller requested authorization to add depression as a compensable component. The claims administrator denied the request to add depression as an additional compensable condition.

1

The Office of Judges held that Ms. Williams was not entitled to treatment of her depression as a compensable component for her injury sustained on May 1, 2008. Ms. Williams disagrees and asserts that a master's level counselor, a master's level psychologist, and Dr. Bachwitt found that she has depression due to the compensable injury and therefore, depression should be added as a compensable component in her claim. Simonton Building Products, Inc. argues that Ms. Williams has failed to justify adding depression as a compensable condition in her claim. Ms. Williams saw Karen Randolph, a master level counselor, between December 21, 2009, and May 25, 2010. Ms. Randolph noted that Ms. Williams reported having depression about being unable to work, sleep difficulties, anxiety, stress, a decrease in appetite, suicide thoughts, fatigue, and nightmares. Ms. Randolph diagnosed Ms. Williams with mood disorder due to general medical condition. On February 25, 2010, Don Worth, a master's level psychologist, evaluated Ms. Williams and diagnosed her with adjustment disorder mixed with anxiety and a depressed mood that was chronic. Mr. Worth opined that anxiety and depression were related to adjustments resulting from a work-related injury. On March 19, 2010, Dr. Paul Bachwitt evaluated Ms. Williams and reported that she had not reached maximum medical improvement, with virtually no use of her left arm and some psychiatric condition. On March 26, 2010, Dr. James Dauphin reviewed Ms. Williams's medical records and opined that psychiatric diagnoses should not be added to the claim because Ms. Williams had significant preexisting disease and no causal relationship was established between the depression and the compensable injury.

West Virginia Code of State Rules § 85-20-12.4 (2006) provides that as a prerequisite for psychiatric problems to be held compensable it must be a direct result of a compensable injury and a psychiatrist shall determine 1) if a psychiatric problem exists; 2) whether the problem is directly related to the compensable condition; and 3) the specific facts, circumstances, and other authorities relied upon to determine the causal relationship. The Office of Judges noted that there was no consultation by a psychiatrist in the designated record. It further noted that Ms. Williams had a substantial history of neurological and psychiatric problems prior to this compensable injury including anxiety, depression, sleep disorders, syncope, and panic attacks. The Office of Judges held that Ms. Williams's need for psychiatric treatment was due to preexisting psychiatric conditions and not the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of December 16, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II